IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LOUIE ALEXANDER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:12cv163-SRW |
| ) | |
| EVENING SHADE, INC., d/b/a ) | |
| PENNY PROFIT CLEANERS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This is an employment discrimination lawsuit in which three plaintiffs sue their employer (Evening Shade, Inc., d/b/a Penny Profit Cleaners), Rick Haddock (the corporation's president), and Beth Haddock (a supervisor). Plaintiffs assert claims of disparate treatment due to race, hostile environment, and retaliation against all defendants pursuant to Title VII and 42 U.S.C. § 1981. They bring a state law outrage claim against all defendants and a state law claim of negligent or wanton hiring, training and supervision against the corporate defendant. This action is presently before the court on the "Motion to Dismiss, or in the Alternative, for Summary Judgment, and Motion to Remand State Law Claims" (Doc. # 8) filed by Evening Shade, Inc., the "Motion to Dismiss Individual Defendants" (Doc. # 10) filed by Haddock and Taylor, and plaintiffs' responses to both motions (Docs. ## 14, 17). Upon consideration, the court concludes that Evening Shade's motion is due to be denied, and the individual defendants' motion is due to be granted in part and denied in part.

## MOTION TO DISMISS STANDARD

Attacks on subject matter jurisdiction come in two forms: (1) facial attacks, and (2) factual attacks. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)(citing Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980).

Facial attacks on a complaint "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [plaintiff's] complaint are taken as true for the purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). Factual attacks challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Lawrence, 919 F.2d at 1529.

Scarfo v. Ginsberg, 175 F.3d 957 (11th Cir. 1999), *cert. denied*, 529 U.S. 1003 (2000). If a defendant makes a factual attack on the court's jurisdiction, submitting evidentiary materials, the plaintiff is "also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981).

To overcome defendant's Rule 12(b)(6) motion, a plaintiff's complaint must include "a short and plain statement of the claim showing that [he or she] is entitled to relief." Fed. R. Civ. P. 8(a)(2); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007). This pleading requirement is not onerous; plaintiff is required to plead "only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "[T]he [c]ourt accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." Speaker v. U.S. Dept. of Health & Human Services Centers for Disease Control

and Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010).

## DISCUSSION

### Evening Shade, Inc.'s Motion

Evening Shade contends that plaintiffs' allegation that it employs "at least fifteen (15) persons" (see Complaint, ¶ 6) is "frivolous and made for the sole purpose of obtaining jurisdiction" and, therefore, that Evening Shade is entitled to dismissal of plaintiffs' federal claims pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. (Doc. # 8, introductory paragraph and ¶¶ 2-6).  Evening Shade further maintains, without explaining why this is so, that it is entitled to dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  (Id., introductory and concluding paragraphs). While Evening Shade's motion bears a style that references an alternative motion for summary judgment, Evening Shade makes no argument whatsoever within the body of its motion that it is entitled to summary judgment. Rather, Evening Shade simply "moves this Honorable Court to dismiss all federal claims against Evening Shade, Inc., pursuant to *Federal Rules of Civil Procedure* Rule 12(b)(1) and/or 12(b)(6)" (Doc. # 8, introductory paragraph; see also concluding paragraph (requesting that this court "dismiss all federal claims against it for want of subject matter jurisdiction and/or failure to state a claim upon which relief can be granted")).  Finally, Evening Shade seeks remand of plaintiff's state law claims to the Circuit Court of Lee County. (Doc. # 8, introductory and concluding paragraphs and ¶ 7).

Title VII imposes liability only on employers, and defines the term "employer" to

include "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year[.]" 42 U.S.C. § 2000e(b).  However, plaintiffs also bring their discrimination claims pursuant to 42 U.S.C. § 1981.  Unlike Title VII, section 1981 reaches employers with fewer than fifteen employees.  See Lauture v. International Business Machines Corp., 216 F.3d 258, 264 (2nd Cir. 2000)("[Section 1981 is commonly invoked against employers who hire fewer than 15 employees, as Title VII does not cover that class of employers."); Fadeyi v. Planned Parenthood Association of Lubbock, Inc., 160 F.3d 1048 (5th Cir. 1998)("Because Title VII applies only to employers with 15 or more employees, § 1981 provides the only refuge under federal law from race-based employment discrimination by those who hire fewer than 15 employees.")(footnotes omitted); Maddox v. Norwood Clinic, Inc., 783 F. Supp. 582, 586 (N.D. Ala. 1992)(in concluding that the Civil Rights Act of 1991 should not be applied retroactively, stating, "*[E]mployers with less than fifteen employees are now exposed to claims for post-contract racial discrimination, claims which previously could not have been asserted against such employers under Section 1981, Title VII or any other federal statute.*")(emphasis in original).   Thus, this court's subject matter jurisdiction does not rest entirely on plaintiffs' Title VII claims and Evening Shade's Rule 12(b)(1) motion is due to be denied.

Plaintiffs allege that "Evening Shade Inc. d/b/a/ Penny Profit Cleaners ... is an entity subject to suit under Title VII" and that it employs "at least fifteen (15) persons." (Complaint, ¶ 6).  Thus, they allege sufficiently that the corporate defendant is an employer

as defined in the statute, and Evening Shade has not demonstrated that it is entitled to dismissal of plaintiff's Title VII claims pursuant to Rule 12(b)(6).

As noted above, Evening Shade does not argue for summary judgment within its motion. Rather, it presents the alternative motion only through the style of the motion, without further discussion. Without such discussion, the court declines to interpret Evening Shade's argument for dismissal as also presenting an contention that it is entitled to summary judgment in its favor on any of plaintiffs' claims; the court will deny the alternative motion for summary judgment without prejudice.[1]

Finally, Evening Shade's motion to remand the state law claims to Lee County Circuit Court (see Doc. # 8, ¶ 7) is due to be denied for two reasons. First, as Evening Shade acknowledges, if the court has jurisdiction over plaintiffs' federal claims, it may exercise

---

[1] Attached to Evening Shade's motion is an affidavit from Greg Drozdovich, the accountant who handles "all payroll operations for Evening Shade, Inc." Drozdovich avers that he conducted a review of all payroll records for the calendar years 2011 and 2012 at the request of Haddock, President of Evening Shade, Inc., and that "[a]t no time during the calendar year 2011 or 2012 did Evening Shade, Inc., employ 15 or more persons during any one week." He states that Evening Shade, Inc. employed 14 people in only one week in 2011 and, in each and every other week in 2011 and 2012, it employed fewer than 14 people. (Drozdovich aff.). Plaintiffs have filed the affidavit of plaintiff Louie Alexander, who states that "Penny Profit Cleaners employed 15 or more employees for at least 20 weeks of the year preceding [his] filing this lawsuit" and that he is aware of 17 employees that worked at Penny Profit during this time frame. He further avers that Haddock owns four businesses and that "on a daily basis" defendant Haddock would bring three employees from his other businesses to work at Penny Profit Cleaners. (Alexander aff.). Alexander states that these additional employees "are employed at Penny Profit, do work on a daily basis at Penny Profit and are paid by Rick Haddock, the owner of Penny Profit." He further states that Haddock "would also work at Penny Profit." (Id.). Even if the court were to reach Evening Shade's motion for summary judgment at this juncture, it would likely be denied. Although the evidence on this point could be better developed, Alexander's affidavit may well be sufficient to demonstrate the existence of a genuine issue of material fact on Title VII's employee numerosity requirement under the "single employer" or "integrated enterprise" test. See McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930 (11th Cir. 1987).

supplemental jurisdiction over related state law claims. See 28 U.S.C. § 1367. Additionally, this case was not removed from state court; it was commenced by the filing of plaintiffs' complaint in this court. (See Doc. # 1). Thus, even if the court lacked federal subject matter jurisdiction, it could not remand plaintiffs' state law claims to the Circuit Court of Lee County.

## Motion to Dismiss Individual Defendants

Haddock and Taylor contend that plaintiffs fail to state federal claims against them as they are "clearly not employers as defined by the statutes." (Doc. # 10, ¶ 2). Plaintiffs do not allege that either Haddock or Taylor are employers subject to liability under Title VII. (See Complaint, ¶¶ 6-8). "The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991). Plaintiffs do not respond to the individual defendants' argument regarding plaintiffs' federal claims. (See Doc. # 17). Accordingly, to the extent that plaintiffs assert Title VII claims against Haddock or Taylor, those claims are due to be dismissed.

Defendants make no argument for dismissal of plaintiffs' § 1981 claims other than that they are "clearly not employers as defined by the statutes." (See Doc. # 10). While Title VII limits liability to employers, § 1981 does not. Moss v. W & A Cleaners, 111 F.Supp.2d 1181, 1187 (M.D. Ala. 2000). Thus, the individual defendants' sole argument for dismissal of plaintiffs' § 1981 claims is without merit.

As to plaintiffs' outrage claim, the individual defendants contend that plaintiffs

"state[] no colorable claim under the state law tort of outrage, as any Plaintiffs have not alleged that either individual defendant was acting outside the scope of employment." (Doc. # 10, ¶ 3). Plaintiffs' claim of outrage against the individual defendants does not require proof that the defendant was acting outside the scope of employment. See Green Tree Acceptance, Inc. v. Standridge, 565 So. 2d 38 (Ala. 1990)("For a plaintiff to recover under [the tort of outrage], he must demonstrate that the defendant's conduct (1) was intentional or reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it."")(citing American Road Service Co. v. Inmon, 394 So.2d 361, 365 (Ala. 1981)). Thus, the basis urged by the individual defendants for dismissing this claim is without merit.

The individual defendants note that "[t]he Plaintiffs' state law negligence claim does not appear to refer to the individual defendants." (Doc. # 10, ¶ 4). Plaintiffs respond that their complaint "clearly alleges the torts of outrage and negligence" and that they "plead sufficient facts to establish that both Rick Haddock and Beth Taylor actively participated in harassing all three plaintiffs." (Doc. # 17). In Count VI, styled "Negligent and/or Wanton Hiring, Training and Supervision," plaintiffs allege that "[t]he *Defendant company,* by and through its agents, maliciously, deliberately, wantonly, and/or negligently failed to terminate, monitor and/or train its employees. The *Defendant company* also failed to protect its employees, such as the plaintiff from the illegal treatment described in the complaint." (Complaint, ¶ 98)(emphasis added). The court, like the defendants, does not read Count VI to allege a claim against the individual defendants. Since plaintiffs contend in their response

to the motion to dismiss that they bring this claim against Haddock and Taylor also – despite the express language of the allegations of Count VI indicating otherwise – the court will grant the individual defendants' motion to dismiss this claim pursuant to Rule 12(b)(6), as plaintiffs have failed to state claims for negligent or wanton hiring, training or supervision against either of them.  Cf. Gilmour v. Gates, McDonald and Co., 382 F.3d 1312, 1315 (11th Cir. 2004)("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.").

## CONCLUSION

For the foregoing reasons, it is

ORDERED that Evening Shade, Inc.'s motion (Doc. # 8) is DENIED to the extent it seeks dismissal pursuant to Rules 12(b)(1) or 12(b)(6) or remand to the Circuit Court of Lee County, and DENIED without prejudice to the extent it seeks, in the alternative, summary judgment on plaintiffs' claims.

It is further ORDERED that the individual defendants' motion to dismiss (Doc. # 10) is GRANTED as to plaintiffs' Title VII claims and as to Count VI, plaintiffs' state law "Negligent and/or Wanton Hiring, Training and Supervision" claim, and DENIED in all other respects.

DONE, this 13th day of December, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE